Argued and submitted January 14, affirmed September 15, 2004, petition for review denied February 15, 2005 (338 Or 124)

TRAVELERS INDEMNITY OF ILLINOIS,
*Petitioner,*

*v.*

Michelle CURTIS;
Providence Vantage MCO;
and Department of Consumer and Business Services,
*Respondents.*

H01-107; A119832

97 P3d 673

Jerald P. Keene argued the cause and filed the briefs for petitioner.

Gordon S. Gannicott argued the cause for respondent Michelle Curtis. With him on the brief was Hollander, Lebenbaum & Gannicott.

James W. Moller waived appearance for respondent Providence Vantage MCO.

Richard D. Wasserman waived appearance for respondent Department of Consumer and Business Services.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Travelers Indemnity of Illinois (insurer) seeks review of a final order of the Director of the Department of Consumer and Business Services (DCBS) that holds that insurer must pay for surgery performed by a physician who was not a member of insurer's certified managed care organization (MCO). We review for errors of law and affirm.

The facts are straightforward. Claimant had an accepted cervical injury for which she received treatment from Dr. Brett, a non-MCO provider who had been her physician before claimant's enrollment in insurer's MCO. The claim was closed. Claimant challenged the notice of closure and also filed an aggravation claim. Insurer denied the aggravation claim on the ground that claimant had not experienced a worsening of her compensable condition. While the aggravation claim was in denied status, Brett performed surgery for claimant's cervical condition. Insurer refused to pay for claimant's surgery, contending that, because claimant had been enrolled in insurer's MCO, insurer did not have to pay for treatment by a non-MCO provider. The director ordered insurer to pay for the surgery, and insurer petitions for review.[1]

When an insurer contracts with a certified MCO, the insurer can require an injured worker to receive all compensable medical treatment from the MCO. ORS 656.245(4)(b)(A) provides:

> "For initial or aggravation claims filed after June 7, 1995, the insurer or self-insured employer may require an injured worker, on a case by case basis, immediately to receive medical services from the managed care organization."

An exception exists for claims that have been denied. ORS 656.245(4)(b)(D) provides:

> "If the claim is denied, the worker may receive medical services after the date of the denial from sources other than

---

[1] The Workers' Compensation Board ultimately determined that the original claim had been prematurely closed and ordered insurer to reopen the claim; accordingly, the claim for aggravation is moot.

> the managed care organization until the denial is reversed. Reasonable and necessary medical services received from sources other than the managed care organization after the date of claim denial must be paid as provided in ORS 656.248 by the insurer or self-insured employer if the claim is finally determined to be compensable."

Insurer concedes that claimant filed an aggravation claim, that it denied the claim because claimant's condition had not worsened, and that that claim was in denied status at the time that claimant had the disputed surgery. Insurer asserts, however, that the exception provided by ORS 656.245(4)(b)(D) is inapplicable because insurer accepted the compensability of the cervical condition that underlies the aggravation claim. Insurer reasons that claimant must seek treatment for her cervical condition from the MCO, as required by ORS 656.245(4)(b)(A), despite insurer's denial of the aggravation claim, because insurer accepted the cervical condition in the original claim.

Insurer's interpretation would have superficial appeal but for the wording of the statute, which does not draw the distinction that insurer makes between denied claims and denied conditions. The statute provides that, when "the claim" is denied, the worker may receive medical services from sources outside of the MCO until the denial is overturned. We said in *SAIF v. Reid*, 160 Or App 383, 388, 982 P2d 14 (1999), that the reference in subparagraph (4)(b)(D) to "the claim" encompasses initial and aggravation claims, as well as new medical condition claims and claims seeking acceptance of a condition omitted from a notice of acceptance.

There is no dispute that insurer denied claimant's aggravation claim. As long as that claim was denied, claimant was entitled under ORS 656.245(4)(b)(D) to seek reasonable and necessary medical services for the condition that was the subject of the aggravation claim from sources other than the MCO. The fact that claimant might also have been entitled to treatment for her cervical condition from the MCO does not affect the principle established by ORS 656.245(4)(b)(D). We conclude that the director correctly determined that insurer must pay for the medical services

that claimant received for her cervical condition from a non-MCO provider during the time that the denial of claimant's aggravation claim was in effect.

Affirmed.